UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MALIBU MEDIA, LLC,**

      **Plaintiff,**

      v.                          Case No. 13-CV-236

**JOHN DOE,**
Subscriber assigned IP address 72.135.249.109,

      **Defendant.**

## ORDER GRANTING THE PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Currently pending before the court is the plaintiff's motion to serve a third party subpoena prior to the Rule 26(f) conference. (Docket No. 2.) Having reviewed the motion and accompanying exhibits, the court shall grant the motion to serve a third party subpoena on the internet service provider ("ISP") listed on Exhibit A to the complaint.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

"A court has wide discretion in managing the discovery process." Ibarra v. City of Chicago, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (citing Merrill Lynch v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). Although different standards exist for the evaluation of expedited discovery requests, district courts within the Seventh Circuit generally will grant a motion for expedited discovery after evaluating "the entirety of the record to date and the reasonableness of the request in

light of all the surrounding circumstances." Id. at 554 (quoting Merrill Lynch, 194 F.R.D. at 624). This amounts to a requirement that the movant show good cause for the request. Sheridan v. Oak St. Mortg., LLC, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

The court concludes that the plaintiff has demonstrated good cause to conduct limited discovery directed at determining the identity of the John Doe defendant. See Ibarra, 816 F. Supp. at 555 (granting motion to conduct discovery narrowly tailored to assist plaintiff in identifying the John Doe defendants). This case cannot move forward unless the defendant's true identity is ascertained, and there is no alternative means to obtain the defendant's true identity. The plaintiff's proposed order included a provision whereby the court would bar the ISP from requiring the plaintiff from having to pay any fee up-front. The plaintiff offers no authority for the imposition of such a prohibition, and therefore the court shall not so order.

**IT IS THEREFORE ORDERED:**

1. The plaintiff's motion for expedited discovery, (Docket No. 2), is **granted**.

2. The plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. The plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall send a copy of this order to the defendant in compliance with 47 U.S.C. § 551(c)(2)(B).

5. The plaintiff may use the information disclosed in response to a Rule 45 subpoena served on the ISP only for the purpose of protecting and enforcing plaintiff's rights as set forth in its complaint.

Dated at Milwaukee, Wisconsin this 20th day of March, 2013.

_____
AARON E. GOODSTEIN
U.S. Magistrate Judge