UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MALIBU MEDIA, LLC

       Plaintiff,

v.                       Civil Action No. 2:13-cv-236-AEG

CHARLES SHUTTERLY,

       Defendant.

---

## ANSWER

---

Defendant Charles Shutterly ("Defendant") answers the complaint of Malibu Media, LLC ("Plaintiff") as follows:

### Introduction

1. Admitted.

2. Denied.

3. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

### Jurisdiction and Venue

4. Admitted.

5. Defendant admits to personal jurisdiction in Wisconsin. The remaining allegations are denied.

6. Defendant admits that venue is proper in this Court.

## Parties

7. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

8. Admitted.

## Factual Background

9. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

10. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

11. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

12. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

13. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

14. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

15. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

16. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

17. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

18. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

19. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

20. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

21. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

22. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

23. Denied.

24. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

**Miscellaneous**

25. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

26. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

**COUNT I – DIRECT INFRINGEMENT AGAINST CHARLES SHUTTERLY**

27. Defendant re-alleges and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

28. Defendant does not have sufficient information to either admit or deny the allegation, and therefore denies it.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## AFFIRMATIVE DEFENSES

1. Defendant has not engaged in any infringement of the copyrights alleged.

2. Plaintiff's claim is barred by the doctrine of misuse of copyright.

3. Plaintiff's claim is barred to the extent it claims copyright in works that are immoral, illegal, or libelous.

4. To the extent that Defendant is found to have engaged in any infringement of the copyrights alleged, Defendant was not aware and had no reason to believe that any of his acts constituted an infringement of copyright.

5. To the extent that Defendant is found to have engaged in any infringement of the copyrights alleged, any infringement by Defendant was not willful.

6. Plaintiff's claims are barred by waiver, estoppel, laches, and/or unclean hands.

7. Plaintiff's claim is barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

8. To the extent that Plaintiff suffered any damages attributable to Defendant, which Defendant expressly denies, Plaintiff has failed to takes the steps necessary to mitigate any damages.

9. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

10. Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the damages sought by Plaintiff in this Amended Complaint was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore Defendant is not liable for any of the damage that may have resulted therefrom.

11. The statutory damages sought by Plaintiff are unconstitutionally excessive.

12. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

**WHEREFORE**, Defendant demands that judgment be entered in its favor and against Plaintiff as follows:

A. Dismissing all of Plaintiff's claims;

B. Awarding Defendant the reasonable attorneys' fees and costs of this action; and

C. Granting such other and further relief as the court deems appropriate.

### Jury Demand

Defendant hereby demands a jury trial of all issues of fact not admitted by Plaintiff.

Dated: July 15, 2013

s/Michael T. Griggs
Jay G. Durst
Michael T. Griggs
BOYLE FREDRICKSON, S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
Attorney for Defendant