IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 2:13-cv-00236-AEG |
| v. | ) |
| CHARLES SHUTTERLY, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(f), hereby moves for the entry of an order striking Defendant Charles Shutterly's ("Defendant"), Second, Sixth, Eighth, and Eleventh Affirmative Defenses, and files this memorandum in support:

**I.      INTRODUCTION**

Plaintiff's Amended Complaint was filed on June 13, 2013 alleging direct copyright infringement against Defendant. On July 15, 2013 Defendant filed his Answer and Affirmative Defenses asserting twelve affirmative defenses against Plaintiff's Amended Complaint. Pursuant to Rule 12(f), Plaintiff hereby moves for the entry of an order striking Defendant's Second Affirmative Defense (Misuse of Copyright), Sixth Affirmative Defense (Waiver, Estoppel, Laches, and/or Unclean Hands), Eighth Affirmative Defense (Failure to Mitigate Damages), and Eleventh Affirmative Defense (Unconstitutionally Excessive Damages). As explained more fully below, each of the affirmative defenses is insufficient and, accordingly, the Court should grant Plaintiff's Motion.

## II. ARGUMENT

### A. Legal Standard

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. "[A]ffirmative defenses are pleadings, and therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Nat'l Acceptance Co. of Am. v. Regal Products, Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994). "Defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Id.* Accordingly, where affirmative defenses "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims," they are properly stricken. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989) (internal citation omitted). "Though the pleading standards of 8(a) are lenient, the defendant is still required to plead the 'necessary elements of the alleged claims.'" *Operating Engineers Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*, 2005 WL 1563332 at *3 (E.D. Wis. 2005). Further, motions to strike should be granted when "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense[.]" *Voeks v. Wal-Mart Stores, Inc.*, 2008 WL 89434, at *1 (E.D. Wis. 2008).

### B. Defendant's Affirmative Defenses Are Insufficient and Should be Stricken

#### 1. Defendant's Second Affirmative Defense (Misuse of Copyright) Should be Stricken

Defendant's Second Affirmative Defense for misuse of copyright is insufficiently pled and should be stricken. For his Second Affirmative Defense, Defendant states, "Plaintiff's claim is barred by the doctrine of misuse of copyright." Affirmative Defenses ("Aff. Def."), at ¶ 2.

"The doctrine of misuse 'prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly.'" *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640, 647 (7th Cir. 2003). The equitable defense of copyright misuse "can bar enforcement of an otherwise valid copyright against otherwise unlawful copying." *Batesville Services, Inc. v. Funeral Depot, Inc.*, 2004 Copr. L. Dec. P 28901 (S.D. Ind. 2004). Generally one must show that the "copyright holder has engaged in some form of anti-competitive behavior." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 204 (3d Cir. 2003).

Here, Plaintiff has not attempted to "control areas outside the monopoly" or engaged in any form of "anti-competitive behavior." Significantly, all Plaintiff has ever done with respect to its copyrights is bring suits to enforce them; as a matter of law, doing so is not copyright misuse. *See Batesville Services, Inc.*, *supra* ("Assuming that plaintiffs' copyrights are otherwise valid and enforceable, plaintiffs are entitled to prohibit copying of their copyrighted materials[.]"). *See also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1027 (9th Cir. 2001) ("There is no evidence here that plaintiffs seek to control areas outside of their grant of monopoly. Rather, plaintiffs seek to control reproduction and distribution of their copyrighted works, exclusive rights of copyright holders."); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ("Defendants allege only that Plaintiffs have filed lawsuits and otherwise sought to enforce their copyrights. This allegation, however, is insufficient as a matter of law to state a copyright misuse claim, as the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse.")

Accordingly, because Defendant has failed to plead the necessary elements of the defense and failed to provide a single factual allegation in support, Defendant's Second Affirmative Defense is insufficiently pled and should be stricken.

### 2. Defendant's Sixth Affirmative Defense (Waiver, Estoppel, Laches, and/or Unclean Hands) Should be Stricken

Defendant's Sixth Affirmative Defense asserts that "Plaintiff's claims are barred by waiver, estoppel, laches, and/or unclean hands." Aff. Def., at ¶ 6. "Waiver, estoppel, [and] laches . . . all are affirmative defenses enumerated in Fed.R.Civ.P. 8(c), and have particular elements that differentiate them one from another." *Operating Engineers Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*, 2005 WL 1563332, at *3 (E.D. Wis. 2005). Similarly, the affirmative defense of unclean hands also has specific elements which must be pled in order to succeed. Defendant has failed to plead any of the necessary elements of each of the four different affirmative defenses.

"In copyright, waiver or abandonment of copyright 'occurs only if there is an intent by the copyright proprietor to surrender rights in his work.'" *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) (*citing* 4 Melville B. Nimmer & David Nimmer, *Nimmer On Copyright* ¶ 13.06 (2000)). Here, Defendant has pointed to no action taken by Plaintiff that evinced intent to surrender its rights in the works. To the contrary, this lawsuit is part of a national campaign, enacted by Plaintiff, to deter the hundreds of thousands of individuals that infringe its copyrights using the BitTorrent peer-to-peer file sharing protocol. As Plaintiff's copyright protection efforts and this lawsuit make clear, Plaintiff has not evinced intent to surrender its rights in the works and instead seeks to avidly protect them.

Next, "estoppel applies only if the copyright owner is aware of the infringing conduct yet acts in a way that induces the infringer reasonably to rely upon such action to his detriment."

4

*Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993). Here Defendant has not alleged that Plaintiff was aware of the infringing conduct yet acted in a way that induced him to rely on such action to his detriment. Indeed, Defendant cannot pursue this affirmative defense in good faith since prior to this lawsuit, Plaintiff and Defendant were complete and total strangers and therefore, Plaintiff, by its actions, could not possibly have induced Defendant to infringe.

Further, "[f]or laches to apply . . . the party asserting the defense must demonstrate: (1) an unreasonable lack of diligence by the party against whom the defense is asserted and (2) prejudice arising therefrom." *Peterson v. Harley-Davidson, Inc.,* 2012 WL 3113184 (E.D. Wis. 2012) citing *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 820 (7th Cir.1999). Defendant has alleged neither element of the defense. Here, the infringement occurred between June 10, 2012 and February 5, 2013. Plaintiff's Complaint was originally filed March 4, 2013. It's clear from the facts that there was no lack of diligence in asserting the claims and Defendant suffered no prejudice.

Finally, "[u]nclean hands . . . is an equitable defense that must be pled with the specific elements required to establish the defense." *MPC Containment Sys., Ltd. v. Moreland*, 2008 WL 1775501 (N.D. Ill. 2008). To successfully assert the defense of unclean hands, Defendant must "demonstrate three things: (1) [Plaintiff's] misconduct was intentional; (2) [Plaintiff's] wrongdoing concerned the [Defendant] and had an immediate and necessary relation to the matter in litigation; and (3) [Defendant was] injured by [Plaintiff's] conduct." *Id.* Defendant has not demonstrated nor even alleged any of these.

Further, in the context of claims for copyright infringement, an unclean hands defense will only "bar enforcement of a valid copyright when a plaintiff commits wrongdoing 'of serious

5

proportions.'" *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992) (citation omitted). And, the defense does not apply "where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts" affect the equitable relations between the parties with respect to the controversy. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980). Here, Defendant "asserts neither facts nor allegations that would support a finding of unclean hands in this case . . . [and] fails to identify inequitable conduct which is connected or related to the matters before the Court in this action." *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *6 (D. Colo. 2013) (striking affirmative defense of unclean hands) *report and recommendation adopted,* 2013 WL 2115236 (D. Colo. May 15, 2013).

Defendant's conclusory Sixth Affirmative Defense fails to satisfy the requisite pleading standards and should therefore be stricken.

### 3. Defendant's Eighth Affirmative Defense (Failure to Mitigate Damages) Should be Stricken

Plaintiff hereby elects to recover statutory damages under the Copyright Act instead of an award of actual damages. *See* 17 U.S.C. § 504(c)(1). Accordingly, Defendant's Eighth Affirmative Defense should be stricken as improper. As his Eighth Affirmative Defense, Defendant states that "Plaintiff has failed to takes [*sic*] the steps necessary to mitigate any damages." Aff. Def., at ¶ 8.

The defense of failure to mitigate damages is not appropriate in copyright cases where a plaintiff seeks only statutory damages. *See e.g. Malibu Media, LLC v. Jason Sterling*, 8:13-cv-00472, CM/ECF 19 (M.D. Fla. July 17, 2013) (granting motion to strike affirmative defense of failure to mitigate damages stating "the defense of failure to mitigate damages is generally inappropriate when a party seeks only statutory, as opposed to actual, damages.") citing

6

*Moothart v. Bell*, 21 F.3d 1499, 1506-07 (10th Cir. 1994) (Employee Retirement Income Security Act); *Fillichio v. M.R.S. Associates, Inc.*, 2010 WL 4261442 at *4 (Oct. 19, 2010) (Telephone Consumer Protection Act); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D.N.J. 2005) (Copyright Act). *See also Malibu Media, LLC v. Batz*, 2013 WL 2120412 at *3 (D. Colo. 2013) *report and recommendation adopted,* 2013 WL 2115236 (D. Colo. 2013) (Granting motion to strike affirmative defense stating, "[t]he Court agrees that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense.")

Accordingly, Defendant's Eighth Affirmative Defense should be stricken.

### 4. Defendant's Eleventh Affirmative Defense (Unconstitutionally Excessive Damages) Should be Stricken

Defendant's Eleventh Affirmative Defense should be stricken because "the defense is not properly asserted as an 'affirmative defense[.]'" *Malibu Media, LLC v. Batz*, 2013 WL 2120412 at *4 (D. Colo. 2013). Defendant's Eleventh Affirmative Defense states, "The statutory damages sought by Plaintiff are unconstitutionally excessive." Aff. Def., at ¶ 11.

An affirmative defense is defined as, "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* (9th ed. 2009). As stated, Defendant's Eleventh Affirmative Defense is not an affirmative defense. "[B]ecause the defense, as stated, 'cannot succeed' in defeating any portion of the Plaintiff's claim for direct infringement," the defense should be stricken. *Malibu Media, LLC v. Batz*, *supra* at *4.

Further, the Copyright Act specifically provides for damages "in a sum of not less than $750" but where "the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *17 U.S.C. § 504 (c)(1)&(2).* Defendant's argument is directly contrary to well-established law and

precedent. Courts have repeatedly rejected due process challenges to the imposition of statutory damages under the Copyright Act. *See, e.g., Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011) (declining to evaluate defendant's due process objections to award of statutory damages under Copyright Act, and noting remittitur procedure as available to challenge award); *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 586–88 (6th Cir. 2007) (upholding statutory damage award representing 44:1 ratio of statutory to actual damages ratio); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459–60 (D. Md. 2004) (holding award of statutory damages for copyright infringement would not be subject to review under due process clause in view of difficulties in assessing compensatory damages for actual harm).

Addressing the development of statutory damages under the Copyright Act, the *Tenenbaum* Court noted:

> [The text of Section 504 of the Copyright Act] reflects Congress's intent "to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits." *Douglas v. Cunningham*, 294 U.S. 207, 209, 55 S.Ct. 365, 79 L.Ed. 862 (1935). The Supreme Court explained that before statutory damages were available, plaintiffs, "though proving infringement," would often be able to recover only nominal damages and the "ineffectiveness of the remedy encouraged willful and deliberate infringement." *Id.* The Supreme Court has since reaffirmed that "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) (upholding statutory damage award of $5,000 for infringement even when actual damages of only $900 were demonstrated); *see also L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106, 39 S.Ct. 194, 63 L.Ed. 499 (1919) (finding the language chosen by Congress "shows that something other than actual damages is intended—that another measure is to be applied in making the assessment").

*Tenenbaum*, 660 F.3d at 502. Similarly, in this case an award of statutory damages comports with Congress's twin aims of providing a remedy where profits or other damages may be difficult to ascertain, and as a deterrent to further infringement.

In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by <u>increasing</u> the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum and maximum awards</u> available under § 504(c). See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement. Congress found that "copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies," and cautioned that 'the potential for this problem to worsen is great.'

*Sony v. Tennenbaum,* 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added). By specifically amending the Copyright Act to deter on-line infringement Congress evinced a clear and unmistakable intent to permit copyright owners to sue on-line infringers.

Because Defendant's Eleventh Affirmative Defense is not properly asserted as an affirmative defense and because it is contrary to established law and policy, Defendant's Eleventh Affirmative Defense should be stricken.

### III.　CONCLUSION

For each of the foregoing reasons, Defendant's Affirmative Defenses should be stricken.

**WHEREFORE,** Plaintiff, Malibu Media, LLC respectfully requests entry of an order:

(A)　Granting Plaintiff's Motion to Strike Defendant's Second, Sixth, Eighth, and Eleventh Affirmative Defenses;

(B)　Striking Defendant's Second, Sixth, Eighth, and Eleventh Affirmative Defenses; and

(C) Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: August 6, 2013

> Respectfully submitted,
>
> SCHULZ LAW, P.C.
>
> By: /s/ *Mary K. Schulz*
> Mary K. Schulz, Esq.
> 1144 E. State Street, Suite A260
> Geneva, Il 60134
> Tel: (224) 535-9510
> Fax: (224) 535-9501
> Email: schulzlaw@me.com
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2013. I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

> By: /s/ *Mary K. Schulz*